THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHARLES H. LAURENCE, Appellant.

*Larceny of horse street cars — possession for a special purpose — sale thereof and appropriation of the proceeds.*

On the trial of an indictment charging the defendant with the crime of grand larceny in the first degree, in feloniously taking two street cars, the property of the Lockport Street Railroad Company, there was evidence tending to show that the defendant, claiming to represent a certain railway equipment and construction company, entered into a contract with the street railroad company and its stockholders, which provided that the construction company should change the road from a horse to an electric road within a specified time, and provided for the sale and transfer of the stock and property, including street cars, of the street railroad company to the construction company, upon payment therefor by the latter as provided by the agreement, but that the property should not be delivered to the construction company until paid for.

The evidence further tended to show that after the execution of this agreement, the defendant, through false pretenses, made with the intention at the time of appropriating the cars to his own use, was allowed by the street railroad company to take possession of the two cars which he was charged with stealing, without having paid for them, for the special purpose of having them changed into electric cars, and that instead of so doing he sold and shipped them to parties out of the State and appropriated the proceeds to his own use.

*Held,* that the evidence warranted the conviction of the defendant of the crime charged.

APPEAL by the defendant, Charles H. Laurence, from a judgment of the Court of Sessions of Niagara county, convicting him of the crime of grand larceny in the first degree, rendered upon the verdict of a jury and entered with the clerk of Niagara county on the 28th day of June, 1892.

The defendant was indicted for the crime of grand larceny in the first degree, in feloniously taking and appropriating two street cars, the property of the Lockport Street Railroad Company. He was tried and convicted of the crime charged, and appealed to the General Term. The General Term decided that the indictment was insufficient to charge the crime of larceny and reversed the conviction. (66 Hun, 574.) The People thereupon appealed to the Court of Appeals, where the indictment was held good, and the case remanded to the General Term for a further hearing, that the General Term might exercise its discretion upon the evidence. (137 N. Y. 517, 525.)

The case was thereupon again presented to the General Term.

*Richard Crowley,* for the appellant.

*P. F. King, District Attorney,* for the People.

LEWIS, J. :

The Court of Appeals has decided that the indictment charges the defendant with committing the crime of larceny. (137 N. Y. 517.)

There was evidence tending to show that the Lockport Street Railroad Company was an incorporated company, that it owned the usual equipment of a street railroad, consisting of iron rails, street cars, etc. The company had operated the road for three years, and up to the 1st day of January, 1891, when the business, not having

proved to be profitable, was suspended. The cars were operated by horse power. In the month of July thereafter the defendant entered into negotiations with the company with the avowed purpose of purchasing the franchise and the plant and converting it into an electric road. He claimed to represent a western construction company by the name of the United States Railway Equipment and Construction Company. The negotiations resulted in the execution of a written contract bearing date July 27, 1891. It was executed on the part of the construction company by the defendant, as general manager thereof, and by E. M. Ashley and . John Hodge for the Lockport Company, Ashley and Hodge being at the time the owners of all the stock of the railroad company. The contract provided that the construction company should proceed within thirty days to effect the changes of the system of operating the road, and complete the same by the 1st day of January, 1892. It further provided for the sale and transfer of the stock of the railroad company to the construction company upon the payment by the latter for the stock in a manner stated in the contract. It further provided that Hodge and Ashley should turn over to the construction company, at the time of the delivery of the stock, all the property of the company, consisting of its franchise, railway track, eight street cars, etc. The property was not to be delivered to the construction company until it was paid for as provided in the agreement. From the time of executing the contract the evidence tends to show that the defendant devoted his time and talents to obtaining by various devices possession of the property of the railway company without paying anything for it. Under the pretense that it would be necessary to exchange the rails for heavier ones, the defendant secured possession of them and sold them for $2,800 or $2,900, and appropriated the principal part if not all of the proceeds of the sale to his own use. He sold the rails at considerably less than their market value. He obtained possession of the two cars he is charged in the indictment with stealing, by representing to Messrs. Ashley and Hodge that he wished to send them to Buffalo to have them there transformed into electric cars, agreeing that when they were so changed he would return them to the possession of the company. He shipped the cars to Buffalo, and instead of arranging to have them changed as stated, he at once sold them for $450

and shipped them to a firm in Marion, Ind., and appropriated the proceeds of the sale to his own use. All this was done without the knowledge or consent of the owner, and when inquired of by Messrs. Hodge and Ashley as to what had become of the cars, he declined to give any information concerning them except to say they were all right. He contracted to sell the rest of the cars, six in number, to a Mr. Breckenridge, of New York city, receiving from him in payment therefor his notes for the sum of $500. This trade fell through because the defendant was not able to obtain possession of the cars so as to deliver them to the purchaser.

Suffice it to say, without rehearsing the evidence farther, the only inference which can be drawn from the facts, as disclosed by the evidence, is that the defendant got possession of the cars, which he is charged in the indictment with stealing, for a special purpose, to wit, to have them changed into electric cars, as stated. The company allowed him to take possession of them for that purpose only. The pretenses were false and were made with the intention at the time of appropriating the cars to his own use. The defendant, probably, from the very commencement of his negotiations, intended by some fraudulent device or other to cheat the company out of its property, but if that was not his original intention, the evidence justified the jury in believing that he had that intention at the time he obtained possession of the cars. The evidence tended very strongly to prove the defendant guilty of the crime charged in the indictment. We find nothing in the defendant's exceptions calling for a reversal of the conviction.

The judgment and conviction of the Niagara County Sessions appealed from should be affirmed, and the case remitted to that court to proceed thereon.

DWIGHT, P. J., MACOMBER and HAIGHT, JJ., concurred.

Judgment and conviction of the Court of Sessions of Niagara county affirmed, and case remitted to that court to proceed thereon.